Dear Mr. Russell:
We are in receipt of your request for an Attorney General's Opinion regarding voter participation in the election for the Hammond City Court Judge and Marshal and the election for the Sixth Ward Justice of the Peace and Constable. Your letter states that some of the current precincts in the parish cross ward lines and some precincts lie geographically within the sixth ward and within the jurisdiction of the Hammond City Court by virtue of annexation of a portion of the sixth ward into the City of Hammond. Specifically, you have requested our opinion on the following question:
 Whether registered voters in the Sixth Ward of Tangipahoa Parish are eligible to vote in the election for the Sixth Ward Justice of the Peace and Constable and vote in the election for the Hammond City Court Judge and Marshal?
Your letter makes reference to an Attorney General Opinion, No. 75-1300, which opined that "the electors residing in the area of Ward 6 incorporated within the city limits of Hammond are within the territorial jurisdiction of the Hammond City Court and therefore, are eligible to vote in the special election for the offices of City Judge and City Marshal". We reaffirm said opinion and further opine that the electors residing in the area of Ward 6, which area has been incorporated within the city limits of Hammond, are eligible to vote in an election for the offices of City Judge and City Marshal, but are not
eligible to vote in an election for the offices of Sixth Ward Justice of the Peace and Constable, as discussed herein.
LSA-R.S. 13:1872(A)(1) provides, in pertinent part:
 A. (1) In all wards where city courts exist and in wards containing cities of more than five thousand inhabitants, . . ., the voters thereof shall elect a city judge, upon whose election the jurisdiction of justice of the peace and constable in that portion of the ward or wards in which the city is contained shall cease; . . . (emphasis added).
R.S. 13:1951 provides for the territorial jurisdiction of municipal and city courts to extend through the city and ward(s) wherein the city domicile is located, as extended from timeto time. The annexation of portions of the sixth ward into the city limits of Hammond increases the territorial jurisdiction of the Hammond City Court and upon the election of a city judge, the jurisdiction of the Sixth Ward Justice of the Peace and Constable shall cease to exist in those portions of the sixth ward which are now a part of the Hammond City Court, by virtue of the above quoted statute. Therefore, only those persons who are qualified electors in the City of Hammond, which includes those portions of the sixth ward annexed therein, may vote for the offices of City Judge and Marshal. Likewise, only those persons who are qualified electors of those portions of the sixth ward which have not been annexed into the City of Hammond may vote for the offices of Sixth Ward Justice of the Peace and Constable. The voters are voting on the offices that will have jurisdiction in the voters area.
LSA-Const. Art. 5, § 20 (1974) provides for justice of the peace courts existing in 1974 to be continued, subject to change by law. R.S. 13:1872 and 1951 are changes by law which generally affect justice of the peace courts.
We hope this opinion has addressed all of your questions. If we can be of further assistance, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/pb
Date Received:
Date Released: